## Ohler v. McNatt

130

*Gerald R. Solomon*, for plaintiff.
*Murray I. Horewitz*, for defendant.

Before Cicchetti, *P.J.*, Adams, Franks, and Capuzzi, *JJ.*

CICCHETTI, *P.J.*, November 25, 1980—An action for support was filed on January 2, 1979 by the mother of an illegitimate child against defendant, John R. McNatt, under section 6704 of the Judicial Code, 42 Pa.C.S.A. §6704, with no previous action under the former statute of neglect to support, 18 Pa.C.S.A. §4321, or civil procedure support action, The Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, 62 P.S. §2043.31 (see now, 42 Pa.C.S.A. §6701 et seq.).

The matter is before the court on a petition for reconsideration of defendant's motion for summary judgment which was denied by this court en banc on November 27, 1979. At that time, defendant claimed that the statute of limitations in the support provision of the Judicial Code, section 6704, was unconstitutional.

The previous criminal statute provided for a statute of limitations of two years and the same statute was applied through the development of case law to the civil support act.

The Judicial Code, which became effective June 27, 1978, provides that child support actions shall be brought within six years of the birth of the child. On the earlier motion for summary judgment, this court reasoned its decision on the theory that the legislature has full power to create remedies which

operate retrospectively in civil cases, thereby creating no bar to civil actions that are retroactive in enforcement of newly created civil remedies: Galvan v. Press, 347 U.S. 522 (1954).

In this petition, defendant has brought section 25(b) of the Judiciary Act of July 9, 1976, P.L. 586, general by effective June 27, 1978, to the attention of the court.

Section 25(b) provides: "No cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act."

By case law, the previous two year criminal statute of limitations in 18 Pa.C.S.A. § 4321 was attributed to the civil action of failure to support in 62 P.S. § 2043.31. Under these previous statutes, the statute of limitations had run when this action was commenced in January of 1979. Therefore, defendant cannot be prosecuted or sued for the support of the child.